IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Case Nos.   2:02-cr-0093-UWC-TMP |
| | ) | 2:03-cv-8040-UWC-TMP |
| WANDA GAIL CALDWELL, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## MEMORANDUM OPINION

On September 30, 2003, the movant, Wanda Gail Caldwell, filed a motion pursuant to 28 U.S.C. § 2255, challenging her conviction in the United States District Court for the Northern District of Alabama on June 3, 2002.  She is represented by attorney Oscar W. Adams, III.  The court finds that movant is not entitled to any relief.

## I. PROCEDURAL HISTORY

On June 3, 2002, the movant was convicted after a non-jury trial in the United States District Court for the Northern District of Alabama of one count of using the identity of another person with intent to commit theft in violation of 18 U.S.C. § 1028(a)(7).  On June 26, 2002, the movant was sentenced to 15 months in prison, a fine of $500, and restitution in the amount of $48,732.61.  In addition, she was charged a special assessment of $100 and received a supervised release term of three years after her release from custody.  She was represented at trial and sentencing by Walter Braswell.

With new counsel, Mari Morrison, movant appealed to the Eleventh Circuit Court of Appeals, raising the following issues: (1) whether the trial court lacked jurisdiction to find a violation of Alabama Code § 13A-8-2; (2) whether there was sufficient evidence to prove the state-law violation; and (3) whether the Government proved all the elements of 18 U.S.C. § 1028(a)(7). On August 11, 2003, the Eleventh Circuit Court of Appeals affirmed the trial court in an unpublished opinion.

On September 30, 2003, movant, through her present counsel, filed the instant motion to vacate her conviction pursuant to 28 U.S.C. § 2255, raising the issue of ineffective assistance of counsel based on three theories: (1) that counsel prior to trial failed to inform her of a plea offer extended by the Government and rejected by defense counsel; (2) that counsel at sentencing failed to object to the assessment of movant's criminal history level set forth in the pre-sentence investigation report; and (3) that counsel on appeal failed to argue that the six-point enhancement based upon the amount involved was improperly added because theft had not occurred at the time of the indictments. Pursuant to the court's order to show cause, the Government filed an answer supported by exhibits on October 24, 2003. By order of October 30, 2003, the parties were notified that the answer would be considered for summary disposition, and the movant was notified of the provisions and consequences of this procedure under Rule 8 of the <u>Rules Governing § 2254 Cases</u>. Movant filed a traverse to the Government's response on November 19, 2003.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

The movant claims that she received ineffective assistance of counsel before trial, at sentencing, and on appeal. The Government asserts that the claims are without merit. The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

In order to show ineffectiveness of counsel, the movant must demonstrate that his attorney's performance fell below "an objective standard of reasonableness," 466 U.S. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Also, in making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. The effectiveness or ineffectiveness must be evaluated by consideration of the totality of the circumstances. Stanley v. Zant, 697 F.2d 955, 962 (11th Cir. 1983). The court must remember that

a defendant in a criminal case has a constitutional right only to adequate counsel; he is not entitled to the very best legal representation. Stone v. Dugger, 837 F.2d 1477 (11th Cir. 1988).

The second requisite element in a claim of ineffective assistance of counsel is a showing of prejudice. Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice. See Strickland v. Washington, *supra*. Prejudice means a reasonable probability that the outcome of the proceeding, here a sentencing hearing, would have been different had the errors not occurred.

### A. Failure to Inform

The movant first contends that she received ineffective assistance of counsel pre-trial because her attorney failed to inform her that a written plea agreement had been offered to her. The court can agree that — assuming *arguendo* that movant's assertion that her attorney failed to inform her of the plea offer is true — such failure probably falls outside the range of reasonable conduct by counsel so as to satisfy the first prong of the Strickland test. There can be no question that counsel owes a duty to his client to communicate to the client any settlement offers extended by the Government. It is the client's right to control how his or her case should proceed, and to do so, the client must be informed about such relevant events as the making of a plea offer.

To succeed on this claim, however, the movant also must demonstrate that she was prejudiced by the lack of information. To establish the prejudice prong of a claim of ineffective assistance, the movant must show that, but for counsel's error, there is a reasonable probability that

the outcome of the trial would have been different. In this case, she would have to show that, had her attorney informed her of the offer, she would have accepted the offer, and that her inability to accept the offer prejudiced her. The court notes at the outset that movant has not alleged that she would have accepted the plea agreement if she had been informed that it existed. Furthermore, the Government asserts that the outcome of movant's case, after the non-jury trial, was the same as the outcome would have been had she entered into the agreement. The Government points out that movant received a two-point reduction in her sentence based upon acceptance of responsibility, and was sentenced to 15 months in prison, which represented the lowest end of the applicable Sentencing Guidelines' range. This sentence is the same sentence anticipated by the plea agreement. In addition, movant was fined $500 and ordered to pay restitution of $48,732.61. The plea agreement required movant to perform 120 hours of community service in lieu of a fine, but required restitution in an amount of almost $53,000 – over $4,000 more than the restitution amount ordered by the court. The plea agreement required community service; the court required none. The $100 special assessment fee was required by both the plea agreement and the court order.

Accordingly, movant's sentence after trial was no worse — and arguably better — than the sentence she would have received if she had entered into the plea agreement. Because the movant has failed to meet her burden of proving that she was prejudiced by the alleged failure of counsel to inform her about the plea offer, her ineffective-assistance claim related to the plea offer (Claim 1(a)) is due to be denied.

    **B. Criminal History**

Movant's second claim of ineffective assistance of counsel arises from counsel's alleged failure to object to the court's finding of a criminal history level of 3 in connection with sentencing. Movant argues that her level was set at 3 because the court erroneously found that she was on probation at the time she committed the federal offense. She supports this claim with the affidavit of Attorney Adams, who testifies that the state court "routinely" ends probation "upon request after payment of all fines and costs," and that the state court imposes probation primarily as a tool to ensure payment in bad-check cases. Even so, as the Government correctly points out, this fact — that movant could have been released from probation if only she had requested that the court do so — does not alter the fact that she was still on probation during the relevant time of the offense.

Movant argues that the two-year probation imposed in Jefferson County case numbers DC-97-11320, DC-97-11321, and DC-97-5671 expired before the date of her federal offense and, therefore, cannot be a basis for enhancing the Guidelines calculation. This is correct, but beside the point. The presentence investigation report relies on the probation imposed as part of Jefferson County case numbers DC-00-4525 and DC-00-8161, two completely different cases from those pointed out by movant. See Government's Exhibit D (Presentence Investigation Report dated June 14, 2002), ¶¶ 37, 38, and 42. In each of these cases, the two-year probation would not have expired until well after movant began and completed her federal criminal conduct. Indeed, even if one accepts as correct movant's argument that such probation was "routinely" terminated once the fines, costs, and restitution were fully paid, the record is clear that, in case number DC-00-8161, movant had not fully paid until March 9, 2001, several months after she began her federal offense in November 2000. Thus, she was on probation in that case at least when the federal crime occurred.

Accordingly, even taking all of movant's evidence and argument as true, she is not entitled to any relief on Claim 1(b). Counsel had no objection to make because it was true that she was on probation at the time of the offense, and the two-point enhancement was proper. This claim is due to be denied.

### C. Appellate Issue

In Claim 1(c), the movant asserts that her attorney on direct appeal rendered ineffective assistance because she failed to argue that movant's sentence was improperly enhanced based on the amount of money involved, when the accounts at issue were not in default at the time of the indictment. Essentially, movant contends that counsel should have argued that there had been no "theft" at the time of the indictment and, therefore, the money obtained by movant through the fraud should not have been counted to enhance her sentence. This claim is due to be denied for two reasons.

First, this claim is without any basis in fact. Counsel on appeal did argue that there was insufficient evidence to support a claim that petitioner intended to, or did, commit theft. The basis of the claims on appeal was the same basis petitioner argues here: that the accounts were not delinquent at the time petitioner was indicted and, therefore, no "theft" of the money had occurred. Although true that counsel argued this issue in the context of the sufficiency of the evidence supporting the conviction, the general thrust of the issue was presented to the court of appeals.

Accordingly, appellate counsel cannot be faulted for failing to raise an issue that she did raise, albeit in a slightly different form.

Second, the finding by the court of appeals that there was sufficient evidence of an intent to commit theft, coupled with the undisputed evidence that petitioner, in fact, obtained money and extensions of credit using another person's identity, leaves little doubt that the sums of money so obtained by movant were correctly counted as an enhancement under the Guidelines. The court was not required to wait to see whether the movant might repay the money she obtained before determining that she obtained it illegally and that the sum of money authorized an enhancement of her sentencing range. Counsel was not ineffective for failing to advance this argument on direct appeal because to do so would have been futile, and movant suffered no prejudice on appeal. Consequently, Claim 3 is due to be dismissed.

## CONCLUSION

None of movant's claims entitles her to relief from the conviction and sentence. By separate order the court will deny her motion pursuant to § 2255.

Done this 21st day of July, 2005.

_____
U.W. Clemon
Chief United States District Judge